## HENRY NORTON, ADMINISTRATOR, v. THE BERLIN IRON BRIDGE COMPANY.

1. When a foreign corporation enters this state for the transaction of business, the person to whom it commits the management and control. of its business here becomes the agent of the corporation for the purpose of receiving service of process in all actions arising in this state out of the conduct of the business.
2. What a sheriff, who has served a summons, adds in his return to the statutory return "served" or "summoned," may, if incorrect, be rejected as surplusage.

In tort.

Argued at February Term, 1889, before Justices Scudder, Dixon and Reed.

For the defendant, *George W. Hubbell.*

For the plaintiff, *Joseph A. Beecher.*

The opinion of the court was delivered by

Dixon, J.    This is an application on behalf of the defendant, a foreign corporation, to set aside the service of a summons against it in an action of tort, upon the ground that the person on whom such service was made. by the sheriff of Hudson county was not an officer, director, agent, clerk or engineer of the corporation, as required by section 88 of the act concerning corporations. *Rev., p.* 193.

The evidence, taken under a rule to show cause, discloses, that the defendant, having made a contract to put an iron roof on a building in Hudson county, early in December, 1888, sent Henry N. Berry to take charge of the work, giving him power to employ the necessary workmen, to discharge them, and to pay them with money sent to him by the company; that accordingly Berry came to New Jersey, assumed the prosecution of the work, exercising the powers stated, and remained in charge as foreman until the summons in question

was served upon him, on January 10th, 1889; that, in the regular course of business, Berry wrote to the company every two or three days, and in a letter written on the day of service he said: "Have just had a summons served to appear at Trenton, January 28th;" that on January 11th, having read the summons and noticed that it was for the corporation and not himself, he enclosed it to the defendant, and on the following day wrote to the company an explanation of his mistake in not sending the summons on the 10th; that the company, on receipt of Berry's letter of the 10th, at once wrote him to send them the summons, and added: "Be sure and keep us fully posted as to the whole matter." The cause of action for which the summons was issued grew out of the prosecution of Berry's work.

We think that Berry was the agent of the defendant within the meaning of section 88, above mentioned. It should be assumed that, when a foreign corporation, with that enactment before it, enters this state for the transaction of business, the person to whom it commits the management and control of that business here becomes the agent of the corporation for the purpose of receiving service of process in all actions arising in this state out of the conduct of the business. This accords with the doctrine laid down by Mr. Justice Elmer, in *Moulin* v. *Insurance Co.*, 4 *Zab.* 222, 234; *S. C.*, 1 *Dutcher* 57, 65: that natural justice requires the officers and agents of a foreign corporation, who transact its business in another state, to be subject to the process of that state, as representatives of the corporations. It seems entirely reasonable to conclude that when the legislature authorized the service of process in this state upon the "agents" of foreign corporations, they intended to designate those agents who had charge of the corporate business in the state.

The defendant's counsel contends that the only agents upon whom such service can legally be made, are those whose duty it is, in the proper performance of their agency, to communicate the fact of service to their principals; and he cites, in support, the decision in *Dock* v. *Elizabethtown Steam Manu-*

*facturing Co.*, 5 *Vroom* 312.    That case, however, related only to the general rule on which notice to an agent is deemed notice to the principal, and could scarcely be taken as an infallible guide for the construction of this statute.    Thus the statute sanctions service upon an engineer, while, no doubt, under the ordinary rule, notice with respect to pending litigation served on such an employe would not be deemed good against his corporate employer.    But even if the rule stated in the case cited were to be applied, still, I think the service should be upheld.    For, the fact that Berry immediately forwarded the summons to the corporation, and the fact that the company immediately wrote to him, "Be sure and keep us fully posted as to the whole matter," as if reminding him of a duty which he owed to the company, justify the conclusion that both parties considered Berry bound to inform the corporation of the service without delay.

Objection is also made to the form of the sheriff's return endorsed on the writ.    But, under the statute, his endorsement of the word " served " would have been sufficient.    That word appears, and all that he wrote afterwards above his signature may be rejected as surplusage.

The motion to quash is denied, with costs.