## MICHAEL MULHEARN v. THE PRESS PUBLISHING COMPANY.

1. In an action against a New York corporation, publishing a newspaper there, service of summons in this state upon a person whose only connection with the company consists in receiving advertisements at the published rates, forwarding the same to the home office, receiving thence bills for the same and collecting them upon commission, is not a service upon an agent of the company within the meaning of section 88 of the Corporation act.

2. After the counsel for defendants had obtained a rule to show cause why such service should not be set aside, he got an order extending his time to file a plea. It appearing that such order was taken to prevent a judgment being entered by default before the determination of the rule to show cause and for the purpose of fortifying defendants' position under the rule, it cannot be regarded as a general appearance which waived the irregular service.

---

This is a motion to set aside the service of a summons upon a foreign corporation. The Press Publishing Company is a corporation organized under the laws of the State of New York and doing business in New York city. It publishes the New York *World* newspaper. The plaintiff brought, in our Supreme Court, an action against the defendant named and another—an action for libel.

The summons was served by the sheriffs of Essex and Union counties. The service in Essex was upon one Jabez Feary and in Union upon one Alexander Cross. Both of these were newsdealers, selling the *World* with other papers. Both took advertisements for the *World*, which were forwarded to New York. Bills for the same were sent from the *World* office; the amounts were collected by these persons and remitted, less commissions, to the New York city office. Feary sent the copy of the summons served upon him to the office of defendants. His place of business in Newark was referred to in the *World* as an authorized office for the reception of advertisements at the regular price. There appears to have been no other connection between the defendants and the persons upon whom the services were made.

Argued at June Term, 1890, before Justices REED and GARRISON.

For the rule, *Chauncy H. Beasley.*

*Contra, Joseph A. Beecher.*

The opinion of the court was delivered by

REED, J. The question is, whether either of the persons upon whom service was made was an agent of the corporation within the meaning of section 88 of the Corporation act. *Rev., p.* 193. I think not. As vendors of newspapers they had no connection with defendants. They dealt with the news company. As receivers and forwarders of advertisements their employment was confined to the narrowest limit. The line between those who represent and those who do not represent a foreign corporation for the purposes of this act, cannot be defined by a formula. But it was never intended that every servant who happened to do some act in this state for a foreign corporation represented the company. Service upon a carter who was sent across the ferry into this state for a load of merchandise belonging to a foreign corporation would be absurd. These persons have little, if any, more representative character than the carter.

The act of one of them, at least, in sending the copy served to the *World* office did not create an agency.

The duties of these men were entirely different from the duty of Berry, the person upon whom the service was made in *Norton, Admr.,* v. *The Berlin Iron Bridge Co.,* 22 *Vroom* 442. He was the general superintendent of a large work in this state, with power to employ, discharge and pay men for the company.

It is, however, insisted, that the defendants have waived the irregularity of service and are now in court. This waiver, it is insisted, is the result of the application of the counsel for the defendants for a rule to extend the time to plead.

The course of procedure of the action was this: The summons was returnable January 20th. The *narr.* was filed on

that day.  On February 18th a rule to show cause why the summons, so far as it concerned the company, should not be quashed, on the ground that the same was not properly served upon it, was obtained by the counsel of the company.  This rule was returnable at the next (June) term of this court. Notice of taking testimony under this was given by defendants' counsel on March 7th.  On March 8th the same counsel obtained a rule for thirty days' further time to file a plea or demurrer.  On March 13th, without any objection, testimony was taken.  On March 27th, by agreement of counsel, a day was fixed for the argument of the rule, and it was agreed that defendant should have until ten days after the determination of the rule to file his plea or demurrer.

It is insisted that the act of the counsel for the company, in taking a rule on February 18th for further time to plead, was a step in the cause which was equivalent to a general appearance.  If this be so, then, undoubtedly, the company are not in a position to deny their presence in court.

No rule is more entirely settled than that a general appearance is a waiver of an irregularity in bringing the defendant into court, while the opposite is the result of a special appearance to raise the objection of irregularity.

I do not regard the step taken as a general appearance. Had the rule for further time been taken before the rule to show cause, it would have been, I think, a waiver.  Had a plea or demurrer been filed after the rule to show cause was taken, it would have produced the same consequence.

But in the light of the circumstances of this case it would be unfair to attribute this result to the rule for time.  It could not have been regarded by the parties as a waiver.  Without it the time for pleading would have expired before the return of the rule to show cause.  Judgment could have been entered against the defendant before it was determined whether he was in court.

The object of the rule was to carry over the date for interposing a defence until it was determined whether a defence was necessary.

If such object had been stated in the rule, no one could even plausibly contend that a waiver arose. But the object of the rule is as transparent as if it had been stated. The subsequent agreement between counsel for further time, by which the duration of such period was to be dependent upon the determination of the rule to show cause, shows that the purpose of the rules were well comprehended. They were not regarded as steps in the cause taken by defendant in his defence of the action, but as rules in aid of the rule to show cause, as rules to fortify their position under that rule until the necessity of making a defence should be determined.

I think the service, so far as it affects the company, should be set aside.