CHARLES F. CARROLL v. NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Submitted February 27, 1900—Decided June 11, 1900.

1. Section 88 of the Corporation act, declaring that in all personal actions brought against any foreign corporation process may be served upon any officer, director, agent, clerk, or engineer of the corporation, must be construed in the light of the constitutional principle, that only by due process of law can courts acquire jurisdiction over parties, and consequently the persons on whom service can legally be made are only such as may be reasonably supposed to represent the corporation in the litigation contemplated.
2. A person employed by the defendant as engineer on its steamboat used in transporting cars between Jersey City and the Harlem river, does not represent the defendant in such sense as to legalize service on him of a summons in an action brought against the defendant to recover compensation for injuries sustained by the plaintiff in being ejected from the defendant's train running between New Haven and New York.

---

In tort.   On motion to set aside summons.

Before Justices DIXON, LUDLOW and COLLINS.

For the motion, *Corbin & Corbin.*

Contra, *Allan L. McDermott.*

The opinion of the court was delivered by

DIXON, J.  This suit was brought to recover compensation for injuries sustained by the plaintiff in being ejected by the defendant's servants from a train of the defendant running between New Haven and New York.  The summons was served upon the engineer of the steamboat "Maryland," a vessel owned by the defendant and used to transport cars between Jersey City and a landing on the Harlem river.  The engineer was an employe of the defendant, residing in Jersey City, and the summons was delivered to him on board the "Maryland," while she lay moored at her wharf in Jersey City.  The defendant now moves to set aside the service as illegal.

The defendant is a foreign corporation, and section 88 of our Corporation act provides that in all personal actions brought against any foreign corporation process may be served upon any officer, director, agent, clerk or engineer of such corporation.  *Pamph. L.* 1896, *p.* 277.  The same provision has existed in our statutes since March 22d, 1865. *Pamph. L., p.* 467.

The decisions of this court in *Moulin* v. *Insurance Co.,* 4 *Zab.* 222, and *Camden Rolling Mill Co.* v. *Swede Iron Co.,* 3 *Vroom* 15, are to the effect that, when a corporation confines its business within the state by which it is chartered, the service of process upon one of its officers within the jurisdiction of another state is not service upon the corporation, since the corporation has not subjected itself to the jurisdiction of the foreign state, and therefore its officers within that state do not represent it for the purpose of responding to suits.

In *Norton* v. *Berlin Iron Bridge Co.,* 22 *Vroom* 442, which was an action for a tort occurring in the course of a business carried on in this state by a foreign corporation, the court held that the person in charge of that business was the agent of the corporation for the purpose of receiving service of process.

In *Mulhearn* v. *Press Publishing Co.,* 24 *Vroom* 150, a suit brought against a foreign newspaper corporation for libel,

persons authorized to receive in this state and forward to the company advertisements to be published in the newspaper, were held not to be "agents of the corporation" within the meaning of this statute.

These cases indicate that, to legalize service of process upon a foreign corporation, the circumstances must show that the person on whom service is made has such connection either with the corporation or with the business out of which the alleged cause of action arose, that he should be considered the representative of the corporation for the purpose of service. If he has no connection with that business, and no general representative character in the corporation, there is no basis for a claim that the corporation has through him been brought into court by due process of law.

The views entertained by the Supreme Court of the United States on this subject have a controlling force, for as the defendant was transacting, within this state, only the business of interstate commerce, its right to do so arose out of federal law, and did not depend on absolute submission to the prescriptions of our state legislation. *Crutcher* v. *Kentucky,* 141 *U. S.* 47. Those views may be gathered from the opinion of Mr. Justice Peckham in *Connecticut Mutual Life Insurance Co.* v. *Spratley,* 172 *Id.* 602, where he states the rule thus: "If it appear that there is a law of the state in respect to the service of process on foreign corporations, and that the character of the agency is such as to render it fair, reasonable and just to imply an authority on the part of the agent to receive service, the law will, and ought to, draw such an inference and to imply such authority, and service under such circumstances and upon an agent of that character would be sufficient." This accords with the doctrine announced by our own courts.

In its designation of the classes of persons on whom process against foreign corporations may be served, our statute must be construed in the light of the constitutional principle that only by due process of law can courts acquire jurisdiction

over parties; and therefore, when it refers to agents, clerks and engineers, persons whose relation to a corporation may give them no representative character whatever in regard to the litigation contemplated, the courts must confine those general terms in such a way as will uphold the jurisdiction which they are asked to exercise.

In the present case the engineer of the "Maryland" was only a subordinate employe of the defendant, having no general charge over its corporate concerns; nor had he such connection with the business out of which the cause of action arose as might fairly support an inference that he had authority to represent the corporation in the matter now before us.

The service of summons must be set aside, with costs to the defendant.