### BERTRAM H. SAUNDERS v. THE ADAMS EXPRESS COMPANY.

Submitted July 12, 1904—Decided November 14, 1904.

1. Whether the Adams Express Company is to be regarded as a corporation, or an unincorporated association, it may be sued in this state by its name.
2. Viewed in either aspect, service of a summons upon its agent representing it in the business out of which the litigation sprang, is regular.
3. The return of service upon an agent at Trenton, and upon the route agent, nothing appearing to show any limitation of the control of such agents over the company's business in this state, is good.

---

On motion to vacate an order by a Supreme Court justice, which order overruled a motion to set aside the summons and declaration in this case.

The facts appear in the opinion of Mr. Justice Swayze, when ordering the order now under review, *ante p.* 271.

Before Justices FORT and REED.

For the motion, *McCarter, Williamson & McCarter.*

*Contra, Preston Stevenson.*

The opinion of the court was delivered by

REED, J.  We think that even if the defendant was possessed of enough of the faculties or powers of a corporation to subject it to a suit in this state (*Edgeworth* v. *Wood,* 29 *Vroom* 463), it has also enough of the qualities of a partnership (*People, ex rel. Winchesler,* v. *Coleman,* 133 *N. Y.* 279) to subject it to liability in a suit in this state as an unincorporated association.

If it is suable as a corporation, it can be sued by its name or in the manner provided for by the New York statutes.  If it can be sued as an association, it can be sued by its name under our statute.

The method of service of process upon a foreign corporation through service upon an agent, does not differ from service upon an unincorporated corporation through its agent.  Service upon a foreign corporation may be made upon an officer, director, agent, clerk or engineer of a company.  *Pamph. L.* 1896, *p.* 277.  Service upon an unincorporated association may be made upon the president or any other officer for the time being, or the agent, manager or the person in charge of the business of such organization.  *Pamph. L.* 1903, *p.* 546.

Service upon an agent of a corporation must be made upon agents whose relations to the company are such as to give the agent a representative character respecting the litigation contemplated.  Litigation arising out of a business under the control of an agent may be instituted by service upon the agent in charge of that particular business.  *Norton* v. *Berlin Iron Bridge Co.,* 22 *Vroom* 442.

But servants who have no such representative character respecting the subject-matter of the litigation, are not such as the statute intended.  *Mulheam* v. *Press Publishing Co.,* 24 *Vroom* 150.

In *Carroll* v. *New York, &c., Railroad Co.*, 36 *Vroom* 124, a service had been made upon an engineer of a ferryboat used to transport cars between Jersey City and a landing on the Harlem river. Although "engineer" is one of the class named in the act upon whom service can be made, nevertheless, it was held that this engineer was only a subordinate employe, having no general charge over its corporate affairs, nor any connection with the business out of which the cause for action arose, such as to give him a representative capacity respecting the subject-matter of the litigation.

The doctrine, so applied to agents of foreign corporations, must, upon principle, apply to agents of foreign unincorporated associations.

In this case it is shown that service was made upon the local agent at Trenton and upon the route agent. Nothing appears to show to what part of the company's business the duties of these agents extended, or to what part of the business their agency was restricted.

From the declaration filed in the case, it appears that the action was brought for the loss of goods delivered to the defendant at Washington, District of Columbia, to be delivered at Clifton, in this state.

It would seem that any agent of the company who had general charge of the transportation and delivery of these goods would represent the company respecting the litigation arising out of the loss of the goods. The agent at Trenton would probably not represent the company respecting the loss of any goods not sent from, or to be delivered to, his office, and concerning which he had no duties to perform.

The route agent, however, may or may not have had such duties respecting the oversight of the transmission and delivery of goods consigned in this state, as to make him a representative of the company for the purpose of process.

The presumption in common law procedure is in favor of regularity. *Perrine* ads. *Evans*, 6 *Vroom* 221, 222.

As the service is not shown to have been ineffective, the order below should be affirmed.