ERIE RAILROAD COMPANY, PROSECUTOR, v. CHARLES H. VAN ALLEN.

Argued November 11, 1907—Decided February 24, 1908.

Service of process upon a local freight agent of a foreign corporation who was only a subordinate employe of the corporation, having no express authority to receive the process, and no general charge over its corporate concerns, and no such connection with the business out of which the cause of action arose as might fairly support an inference that he had authority to represent the corporation for the purpose of service, is not binding on the corporation.

On *certiorari.*

Before Justices SWAYZE and TRENCHARD.

For the prosecutor, *Collins & Corbin.*

For the defendant, *Frederick V. Watson.*

The opinion of the court was delivered by

TRENCHARD, J.   This writ of *certiorari* brings up for review an order made by the District Court of the city of Paterson denying a motion made by the prosecutor, the Erie Railroad Company, to set aside service of process on it as irregular and defective in a case in that court wherein the defendant in *certiorari* was plaintiff and the prosecutor was defendant.

The summons was served upon one Walter S. Rigdon, who is described in the return as "resident freight agent of the Erie Railroad Company, the defendant."

The defendant is a foreign corporation, and gave notice in the District Court of a motion to set aside the service, and, after testimony had been taken before that court, an order was made denying the motion.

It appears from the testimony that no express authority

had been given Rigdon by the company to accept service of process. It follows, therefore, that to legalize such service the circumstances must show that he had such connection either with the corporation or with the business out of which the alleged cause of action arose, that he should be considered the representative of the corporation for the purpose of service. *Carroll* v. *New York, &c., Railroad Co.,* 36 *Vroom* 124.

It appears that the business out of which the cause of action arose was the maintenance and repair of the planking laid between the rails and covering the crossing of the defendant's railroad at Broadway, in the city of Paterson. It further appears that it was no part of Rigdon's duties to maintain or superintend the maintenance of the Broadway crossing. His duties were to receive, forward and deliver freight; furnish cars for loading; provide proper places for unloading; to· collect freight charges; generally supervise the handling of freight inside of the city limits of Paterson, and to take care of the freight office. No duty was laid upon him to make reports of accidents along the line of the road, nor was it the duty of anyone having knowledge of an accident to make report to him. The summons served in the present case was forwarded by him to the general solicitor of the defendant, because, as Rigdon says, he did not know what else to do with it.

From the foregoing statement it is obvious that the legality ·of service upon Rigdon cannot be rested upon any connection had by him with the business out of which the cause of action arose.

Nor, in our opinion, can it be rested upon the contention that his position as freight agent gave him a general representative character in the corporation.

It is well established that the legislature of a state may, in the exercise of its power to impose conditions upon foreign corporations doing business within the state, prescribe a mode of service of process upon ·them which will subject them to the jurisdiction of the state courts, provided such mode is not unreasonable or contrary to the principle of natural justice, which forbids condemnation without opportunity to be heard,

and such a corporation, by doing business within the state, will be deemed to have assented to that mode of service, and will be bound thereby. *National Condensed Milk Co.* v. *Brandenburgh,* 11 *Vroom* 111; *Lafayette Insurance Co.* v. *French,* 18 *How.* 404.

The learned judge of the court below assumed that the validity of the service depended upon the construction of section 88 of the General Corporation act (*Pamph. L.* 1896, *p.* 305), which provides that in suits against a foreign corporation "process may be served upon any officer, director, agent, clerk or engineer of such corporation." It will be observed also that the District Court act (*Pamph. L.* 1898, *p.* 568, § 46) contains a similar provision.

As stated by Mr. Justice Reed, in *Mulhearn* v. *Press Publishing Co.,* 24 *Vroom* 150: "The line between those who represent and those who do not represent a foreign corporation for the purposes of this act cannot be defined by a formula. But it was never intended that every servant who happened to do some act in this state for a foreign corporation represented the company."

We think, therefore, that it cannot be successfully contended that any "agent," no matter what his duties or authority might be, could legally be served. The bookkeeper in the office of the local freight agent is in one sense an "agent" of the company. An individual who might combine the duties of both the freight and passenger department at a small station in the country is likewise an "agent," but it could not be said that any of them comes within the class designated by the statute. The meaning of the word must be ascertained with reference to the words with which it is associated. These refer to officers having some general or supervisory authority. The word "clerk," for instance, as used in the statute, must mean some general officer of the corporation, and not any person who happens to hold a clerical position with it. The word "engineer," as used in the statute, cannot mean, for example, a locomotive engineer. *Carroll* v. *New York, &c., Railroad Co., supra.*

The foregoing propositions are, we think, in harmony with the views of the United States Supreme Court. *Connecticut Mutual Life Insurance Co.* v. *Spratley,* 172 *U. S.* 602.

The agent upon whom service was made in the present case was only a subordinate employe of the defendant, having no general charge over its corporate concerns, nor had he such connection with the business out of which the cause of action arose as might fairly support an inference that he had authority to represent the corporation for the purpose of the service of process.

So to hold puts this case in accord with *Pennsylvania Railroad Co.* v. *Bennett,* 18 *Vroom* 275; *Norton* v. *Berlin Iron Bridge Co.,* 22 *Id.* 442; *Pennsylvania Railroad Co.* v. *Kreitzman,* 28 *Id.* 60; *Saunders* v. *Adams Express Co.,* 42 *Id.* 520.

The mere fact that the person upon whom the process was served sent it to the general solicitor of the company did not create an agency so as to make the service valid. *Mulhearn* v. *Press Publishing Co., supra.*

We think, therefore, that the motion to set aside the service of the process should have been granted, and that the order denying such motion must be reversed, with costs.