JOE DERAIMONONDO AND THERESE DERAIMONONDO, HIS WIFE, AND JOE DERAIMONONDO, INDIVIDUALLY, APPELLANTS, v. GEORGE CAUCIMO AND PUBLIC SERVICE CO-ORDINATED TRANSPORT, A CORPORATION OF NEW JERSEY, RESPONDENTS.

Submitted January 30, 1932—Decided May 17, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the appellants, *Aaron L. Simon.*

For the respondent Public Service Co-ordinated Transport, *Henry H. Fryling (Carl T. Freggens,* of counsel).

The opinion of the court was delivered by

CASE, J.   This is an appeal by the plaintiffs from a judgment for the defendant entered in the Bergen County Court of Common Pleas on a rule setting aside the service of summons and complaint on the defendant corporation.   The attempted service of summons and complaint was made by a deputy sheriff of Bergen County on Public Service Co-ordinated Transport by serving Herbert F. Myers, claim agent of the defendant, in person at his place of business in Hackensack.   Thereupon the defendant entered a special appearance and obtained a rule requiring the plaintiffs to show cause why the service of summons and complaint should not be set aside.   On the return the rule was made absolute.

The single question presented on the appeal is whether the service of the summons and complaint on Myers was legal service on Public Service Co-ordinated Transport.   The appellants contend that it was and in this contention they rely upon *Dock* v. *Elizabethtown Steam Manufacturing Co.,* 34 *N. J. L.* 312, and *Facts Publishing Co.* v. *Felton,* 52 *Id.* 161, and upon the statement made by Myers on the witness stand to the effect that when any summonses and complaints or other papers relating to law suits were served upon him, it was his duty to report at once to Mr. Fryling, an attorney of the defendant corporation.   The principle of law which the appellants insist is established by the cited cases is that service on a person upon whom, by virtue of his employment, devolves the duty of communicating the fact of service to his superior officer is service on the corporation.   An important fact of which the appellants appear to have lost sight is that in both of the cited cases the judicial language upon which appellants rely bears on the service of a paper other than a summons.   In the Dock case the summons was served in the

mode prescribed by the statute and we italicize an expression used by Mr. Justice Depue in the opinion as follows: "The practice act * * * should be liberally construed in all its parts, *except those which pertain to the mode of obtaining jurisdiction over the parties.*" In the Facts Publishing Company case the pertinent language was used with respect to the service of a three days' notice in writing making demand for arrears in rent.

Section 52 of the 1903 Practice act, as amended by chapter 264 (*Pamph. L.* 1912; 2 *Cum. Supp. Comp. Stat., p.* 2798), provides that "the first process in personal actions * * * shall be a summons * * *. If the defendant be a corporation, the summons shall be served as provided in the act entitled 'An act concerning corporations (Revision of 1896)' * * *." It will be observed that the statute is mandatory as to the manner in which service shall be made upon a corporation. Section 87 of the Corporation act (Revision of 1896— *Comp. Stat., p.* 1653), provides that "in any personal action commenced against a corporation in any of the courts of law of this state, the first process to be made use of may be a summons, a copy whereof shall be served on the president, or other head officer or agent in charge of its principal office in this state, or left at his dwelling house or usual place of abode, at least six days before its return; and in case the president or other head officer or agent cannot be found to be served with process, and has no dwelling house, or usual place of abode within this state, a copy of the summons shall be served on the clerk or secretary of the corporation, if any there be, and if no clerk or secretary, then on one of its directors, or left at his dwelling house, or usual place of abode, six days before its return." Here, also, it is to be noted that the word "shall" is used. An amendment to the Corporation act (*Pamph. L.* 1900, *ch.* 124, *p.* 313), given the arbitrary section marking of 43a (2 *Comp. Stat., p.* 1626), provides that in case any domestic corporation fails to file certain data, or in case the designated agent for service of process shall die, or shall resign, or shall remove from the

state or cannot be found, it shall be lawful, while the default continues, to serve process in another fashion, and a further statute, chapter 198 (*Pamph. L.* 1916; 1 *Cum. Supp. Comp. Stat., p.* 695), provides that if the defendant be a domestic corporation then the summons may lawfully be served personally on any officer or agent in charge of its principal office or on any ticket agent or freight agent employed in any of its offices in the county in which the venue is laid. Section 87, *supra,* is of course, modified by the statutes just cited, which, however, do not apply to our facts.

Public Service Co-ordinated Transport is a domestic corporation. Its registered office is 80 Park Place, Newark, New Jersey. Thomas N. McCarter, president of the corporation, has his office there, and Charles M. Breder, secretary of the company and registered agent in charge of the registered office, also has his office there. The name of the corporation appears at the entrance at the above mentioned address as does also a sign showing it to be the registered office of the corporation. There is on file with the secretary of state a certificate setting forth the names of the officers, directors, principal office and agent in charge.

We have considered the opinion rendered by Judge Dill on behalf of the Court of Errors and Appeals in the case of *Martin* v. *Atlas Estate Co.,* 72 *N. J. Eq.* 416, and particularly that paragraph of the opinion at page 419 which reads:

"From which it follows that in the case of a corporation of this state, under the 'act concerning corporations (Revision of 1896)' service of subpœna or process for appearance on any officer or agent of the company whose duty it is, either in his official capacity or by virtue of his employment, to communicate the fact of such service to the governing body of the corporation is tantamount to personal service in the case of a natural person. This is in accord with the reasoning of Mr. Justice Dixon in *Facts Publishing Co.* v. *Felton, supra,* and of Mr. Justice Depue in *Dock* v. *Elizabethtown Steam Manufacturing Co., supra.*

The issue there presented and the reasoning of the opinion convince us that the quoted paragraph has to do with service of subpœna or process for appearance in a chancery proceeding and does not refer to section 87 of the Corporation act which relates exclusively to personal actions in the courts of law.

We conclude that section 87, *supra,* except in so far as it is modified by later legislation, is mandatory. Myers is not one of the persons designated for service in the statute and no state of facts appears whereby any other character of service than that mentioned in this section has legislative sanction. Service of the summons upon him was not service upon the corporate defendant.

Analogous constructions of statutory provisions for service of summons on corporations in the small cause courts are *Flax and Hemp Manufacturing Co.* v. *Ballentine,* 16 *N. J. L.* 454, and *Pennsylvania Railroad Co.* v. *Bennett,* 47 *Id.* 275.

The judgment below will be affirmed.