BOROUGH OF PALMYRA, PLAINTIFF, v. TACONY-PALMYRA FERRY COMPANY, AND IN THE ALTERNATIVE DELAWARE RIVER FERRY COMPANY, DEFENDANTS.

Decided September 7, 1932.

Before Henry H. Eldredge, Circuit Court Judge.

For the plaintiff, *Joseph S. Low,* with him *George M. Stevens.*

For the defendant, *Norman W. Harker.*

ELDREDGE, C. C. J. The second count of the complaint in the above entitled cause alleges that:

"1. Defendant Delaware River Ferry Company is a corporation of the State of Delaware.

2. On October 1st, 1929, said defendant was the owner of two certain ferry boats known as "Palmyra," Register No. 126185, and "Tacony," Register No. 120945.

3. A personal property tax of $1,042 was assessed against said defendant by the borough of Palmyra for the year 1930, based upon personal property of the assessed value of $20,000, which said personal property was two certain ferry boats as aforesaid within the said borough on October 1st, 1929.

4. Said defendant has not paid said tax or any part thereof.

There are other clauses in this count of the complaint which need not be cited for the purposes of this rule. The last paragraph of the count demands as damages the sum of $1,042 with interest.

Service of the summons and complaint upon the Delaware River Ferry Company was made by the under sheriff of Gloucester county, who made his return as follows:

"Duly served June 22, 1932, on the Delaware River Ferry Company by delivering a copy of the same to Harold Cornog, ticket seller for Delaware River Ferry Company, personally, at the Ferry, in the Township of Logan, Gloucester County, New Jersey.

JACOB K. TRYON, Sheriff,

Fee $5.19 By J. NELSON FURMAN,

Under Sheriff."

Depositions taken upon the rule develop the following facts: Harold Cornog, upon whom service was made, was a ticket seller for the defendant company and at the time of the service had no other duties. He was, when service was made upon him, in a ticket house supported by trestle-work attached to Cadwallader Island, in the Delaware river. The ticket office was from four hundred to five hundred feet from the mainland and was located over the waters of the Delaware. These facts might become important were it necessary to pass upon the jurisdiction of the sheriff of Gloucester county to make the service, but we think it is not essential to do so.

The service attacked was made either under section 88 of the Corporation act, which provides as follows:

"In all personal suits or actions hereafter brought in any court of this state against any foreign corporation, process may be served upon any officer, director, agent, clerk or engineer of such corporation, either personally or by leaving a copy thereof at his dwelling house or usual place of abode, or by leaving a copy at the office, depot or usual place of business of such foreign corporation * * *." Or under section 1 of chapter 198, laws of 1916, which provides:

"In all personal suits or actions hereafter brought in any court of this state against a foreign corporation, the summons may lawfully be served upon any officer or director, or upon any ticket agent or freight agent of such corporation, personally, in the county in which the venue is laid."

If the service was made under the provisions of the latter act, which provides that it may be made upon "any ticket agent or freight agent of such corporation," then the service cannot stand, for the act further provides that it shall be made "in the county in which the venue is laid." In the instant suit the venue is laid in Burlington county, while service is made in Gloucester county, if in any county at all.

Whether the service be good then, in our judgment, depends upon the interpretation to be given section 88 of the General Corporation act, which provides that in suits against a foreign corporation "process may be served upon any officer, director, agent, clerk or engineer of such corporation."

In passing upon service under this section as supplied to a set of facts before him, in the case of *Erie Railroad Co.* v. *Van Allen,* 76 *N. J. L.* 119; 69 *Atl. Rep.* 484, Mr. Justice Trenchard says:

"It appears from the testimony (which is true also in the present case) that no express authority had been given Rigdon by the company to accept service of process. It follows, therefore, that to legalize such service the circumstances must show that he had such connection either with the corporation or with the business out of which the alleged cause of action arose that he should be considered the representative of the corporation for the purpose of service."

With these principles in mind, we hold service in the present case to be bad. The business out of which the suit arose concerned the imposition of a personal property tax by the borough of Palmyra. Surely it cannot be said that a ticket agent, whose sole duty was to sell tickets for the purpose of passage for cars, trucks and pedestrians, would have any connection with that part of the company's business which concerned the payment of taxes. The legality of the service upon Cornog cannot be rested upon any connection had by him with the business out of which the present cause of action arose.

It is also just as evident that the position of this ticket agent gave him no general representative character in the

corporation. He was only a subordinate employe in the defendant company, having no general charge over its corporate concerns. Therefore, neither as a general representative of the defendant, nor as an agent having a sufficient connection with the business out of which the cause of action arose, can service upon him of the summons in question be considered good.

The rule will be made absolute.