SEEMAN BROTHERS, INCORPORATED, A CORPORATION, PROSECUTOR, v. LEO GOLDBERGER, JUDGE OF THE DISTRICT COURT OF THE CITY OF PERTH AMBOY, DEFENDANT.

Submitted October term, 1933—Decided January 31, 1934.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *Milton M. Unger.*

For the defendant, *Leo S. Lowenkopf.*

The opinion of the court was delivered by

CASE, J.   The writ of *certiorari* brings up an order made in the District Court of the city of Perth Amboy denying an application of Seeman Brothers, Incorporated, a corporation, appearing specially, to set aside the service of process in an action brought against it by Malve Levinson.   The attempted service was on one Harry Wagner, and the return of the constable was: "I served the within summons July 5th, 1933, on Seeman Brothers, Incorporated, a corporation, by serving Harry Wagner, salesman for Seeman Brothers, Incorporated, a corporation, the defendant, by reading the same to him and delivering to him a copy thereof."

The state of demand alleges that plaintiff was injured by biting upon a foreign substance contained within a can of peas that was purchased by Levinson from an unnamed distributor, and that was labeled and put up for sale by the defendant.   The action is on a tort that in no way involves Wagner.   In addition to the oral testimony and the exhibits

received at the hearing, *ex parte* affidavits were submitted to, and considered by, the court below. Objection to that course was not made below and is not made here.

It does not appear from the record whether Seeman Brothers, Incorporated, is a domestic or a foreign corporation, although the proofs do show that its place of business is in New York City.

Wagner, under the employ and pay of Sanford C. Flint, a wholesale groceryman of Asbury Park, New Jersey, was engaged in selling Seeman products to retail stores. He rendered minor incidental services for, but was not in the employ or pay of, the prosecutor. He did not have charge of the business or corporate concern of prosecutor and was not authorized by the latter to receive service of process. Neither in the pleading or the proofs is there aught to suggest that the article with which Levinson finds fault came within the business transacted by Wagner. He was essentially a field salesman and was served with the summons while in a Perth Amboy store soliciting business for Flint. There is nothing from which we can conclude that prosecutor was, as a foreign corporation, doing business in this state; such inferences as we may draw are to the contrary. *Jager* v. *Breslow,* 9 *N. J. Mis. R.* 1069; 156 *Atl. Rep.* 493.

Whether prosecutor is a domestic or a foreign corporation, the service upon Wagner was not service upon it. The statutes do not authorize such a service, and the cases are adverse. Sections 87 and 88 of "An act concerning corporations (Revision of 1896)," 2 *Comp. Stat., p.* 1653, § 46, of "An act concerning District Courts (Revision of 1898)," 2 *Comp. Stat., p.* 1966; *Deraimonondo* v. *Caucimo,* 109 *N. J. L.* 204; 160 *Atl. Rep.* 579; *Erie Railroad Co.* v. *Van Allen,* 76 *N. J. L.* 119; 69 *Atl. Rep.* 484.

A statement of partial facts of the case, compiled by the court below, sets forth that there was testimony "that customers dealt with Wagner as the ostensible representative of Seeman brothers," and we infer that it was upon the theory of ostensible agency that the conclusion below was reached. That theory, is as we understand it, that when a principal has induced a third person to believe that another is his

agent, he may, under sufficient circumstances, be equitably estopped from denying, as to such third person, the fact of agency. 2 C. J. 427, 461. But it has no present application because the suit itself does not turn upon Wagner's agency.

The order made in the District Court was erroneous. The service of process and state of demand will be set aside, with costs.