In the Matter of the Estate of CHARLES BAKER, Deceased. SETH BAKER, Petitioner, Appellant; THE NEW YORK CENTRAL RAILROAD COMPANY and ONALEE BAKER, Respondents.

Fourth Department, June 30, 1937.

*George E. Phillies* [*Philip Halpern* of counsel], for the appellant.

*William R. Van Campen,* for the respondent Onalee Baker.

*Rann, Brown, Sturtevant & Kelly* [*Mark N. Turner* and *John E. Leach* of counsel], for the respondent New York Central Railroad Company.

CUNNINGHAM, J. Charles Baker died on the 3d day of April, 1936, as the result of an accident which occurred at Blasdell, Erie county, N. Y., on a grade crossing of the New York Central Railroad Company. He left surviving him his widow, Onalee Baker, his father, the petitioner herein, but not any children. Decedent's widow, Onalee Baker, was granted limited letters of administration

by the Surrogate's Court of Allegany county, and thereafter, pursuant to an order of said court, settled the cause of action arising against the New York Central Railroad Company for the pecuniary loss caused by his death to the estate of said decedent. Thereafter, the petitioner, the father of the decedent, presented a petition to the Surrogate's Court of the county of Allegany, alleging that Charles Baker at the time of his death was a resident of the county of Erie, and further alleging that decedent's wife during his lifetime had abandoned him and that, therefore, she was not entitled to any portion of his estate, and asking that the letters of administration granted to her be revoked and that the order of the court authorizing settlement of the claim against the New York Central Railroad Company be set aside.

The allegations of the petition which alleged non-residence in Allegany county and abandonment by the wife of the decedent were put in issue by answers. A hearing was thereafter held with reference to the residence of the decedent at the time of his death.

The surrogate of Allegany county, on a motion to dismiss the petition as a matter of law, held that the damages obtained through the avails of the settlement of the claim against the railroad company belong to the widow under section 133 of the Decedent Estate Law and not to the father of the decedent, and, therefore, granted the motion.

Section 87 of the Decedent Estate Law, as amended by chapter 216 of the Laws of 1934, provides that "No distributive share of the estate of a decedent shall be allowed under the provisions of this article * * * to a wife who has abandoned her husband."

It is claimed that because the provision as to abandonment by a wife is not repeated in section 133* of the Decedent Estate Law, it does not apply to the distribution of damages. That section provides:

"The damages recovered * * * are exclusively for the benefit of the decedent's husband or wife, and next of kin; and, when they are collected, they must be distributed by the plaintiff, or representative, as if they were unbequeathed assets, left in his hands, after payment of all debts, and expenses of administration; subject however to the following provisions, to wit:

"1. In case the decedent shall have left him surviving a wife or a husband, but no children, the damages recovered shall be for the sole benefit of such wife or husband."

Section 133 does provide that the damages shall be distributed "as if they were unbequeathed assets." This is a direction that

---

* See Laws of 1937, chap. 566, in effect Sept. 1, 1937, adding such provision. — [Rep.

the statute providing for the distribution in general of the personal property of an intestate shall govern the distribution of such damages. (*Matter of Snedeker* v. *Snedeker*, 164 N. Y. 58.)

Section 83 of the Decedent Estate Law provides for the distribution of the personal property of an intestate.

As sections 83 and 87 of that law are both contained in article 3 thereof, the provisions of section 87 apply to and restrict the provisions of section 83.

The damages recovered for a wrongful death must be distributed according to the provisions of section 83 as restricted by section 87, with the exception of a few modifications set forth in section 133.

It is unthinkable that the exceptions in section 133 should be construed to give the entire death recovery to a person wholly excluded from sharing in the distribution of the decedent's estate. The exceptions must be held to provide for modification of distribution under the general framework of the Statute of Distribution.

We believe that the Legislature intended that the amendment to the Decedent Estate Law adopted in 1934 should be a harmonious and consistent part of the law and that it would prevent a wife who had abandoned her husband from sharing in the damages that might be recovered for his wrongful death.

The hearing in the Surrogate's Court was confined solely to the question of the residence of decedent at the time of his death. When the petitioner rested, a motion was made to dismiss the petition on the ground that the petitioner " has failed to establish even *prima facie* the residence other than the residence of his origin in Allegany County." The court said: " I am going to hold that you haven't overcome the presumption that he was a resident of this county." Petitioner's attorney asked leave to present a memorandum. The court then said that decision would be reserved. Afterwards, without receiving further evidence, the court made findings and a decree holding that the decedent was a resident of Allegany county at the time of his death.

The evidence on behalf of petitioner was sufficient when uncontradicted or unexplained to show that the decedent was a resident of the county of Erie at the time of his death.

The decree based upon such findings must be reversed as against the weight of the evidence.

The order dismissing the petition as insufficient in law should be reversed upon the law and the motion denied, and the decree should be reversed upon the facts, with costs to the appellant payable out of the estate, and the matter should be remitted to the Surrogate's Court of Allegany county with the direction to proceed to a determination of the issues raised by the answers to the petition.

All concur. Present — SEARS, P. J., EDGCOMB, CROSBY, CUNNINGHAM and TAYLOR, JJ.

Decree reversed on the law and facts and order reversed on the law and matter remitted to the Surrogate's Court to determine the issues raised by the answers, with costs to the appellant. Finding of fact and conclusions of law disapproved and reversed.