THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PAUL EUGENE ALLEN, Appellant.— Judgment of conviction and order affirmed. Memorandum: While in this case it was error to receive the testimony of Susanna Hinds, Luella Dedell and Mary Dedell, on the whole record we reach the conclusion that the testimony of these witnesses was not of sufficient importance to warrant a reversal. The affirmance, therefore, is by virtue of section 542 of the Code of Criminal Procedure. All concur, except Dowling, J., who dissents and votes for reversal and for granting a new trial on the ground that the admission of the evidence of the witnesses above mentioned constitutes reversible error particularly in view of the cross-examination of defendant and because this testimony had a marked tendency to divert the attention of the jury from the question of the alibi and of the defendant's attack upon his confession. (The judgment convicts defendant of the crime of violation of section 483-a of the Penal Law. The order denies a motion for a new trial.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

CHARLES TROUT, Appellant, v. LAWRENCE J. CLEARY, as Executor, etc., of J. J. CLEARY, Deceased, Respondent.— Order affirmed, with ten dollars costs and disbursements, with leave to the plaintiff to plead over within twenty days upon payment of the costs of this appeal and at the Special Term, on the authority of *Kirchner* v. *Muller* (280 N. Y. 23). All concur. (The order dismisses the complaint in a silicosis action.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

ONALEE BAKER, as Administratrix, etc., of CHARLES BAKER, Deceased, Appellant, v. NEW YORK CENTRAL RAILROAD COMPANY, Respondent.— Order affirmed, with ten dollars costs and disbursements. Memorandum: The person upon whom service of the summons was made was none of the persons mentioned in subdivision 8 of section 228 of the Civil Practice Act upon whom service on a corporation may be made. He was not a clerk to the corporation. The word " clerk " as used in the foregoing section " must mean some general officer of the corporation, and not any person who happens to hold a clerical position with it." (*Erie R. R. Co.* v. *Van Allen,* 76 N. J. Law, 119, 121; 69 A. 484; *Carroll* v. *N. Y., N. H. & Hartford R. R. Co.,* 65 N. J. Law, 124; 46 A. 708; *Chambers Bros. & Co.* v. *King Wrought Iron Bridge Manufactory,* 16 Kan. 270, 276.) No jurisdiction was acquired by the attempted service (*Winslow* v. *Staten Island R. T. R. R. Co.,* 51 Hun, 298, 300), and the service was void. (*Kramer* v. *Buffalo Union Furnace Co.,* 132 App. Div. 415, 416; appeal dismissed, 196 N. Y. 532.) " But the validity of the service does not depend upon what is done with the summons after the service is made." (*Beck* v. *North P. & P. Co.,* 159 App. Div. 418, 420.) The service was ineffectual for any purpose. (*Eisenhofer* v. *New Yorker Zeitung Pub. Co.,* 91 App. Div. 94.) Service of the summons was properly vacated. All concur. (The order vacates an attempted service of the summons.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.