NEIL F. DEIGHAN, PLAINTIFF, v. BEVERAGE RETAILER WEEKLY AND TRADE NEWSPAPER CORPORATION, A CORPORATION OF THE STATE OF NEW YORK, A. WEISINGER, JACK H. TREUHAUF AND JOE MATZNER, DEFENDANTS.

Submitted October 28, 1940—Decided December 11, 1940.

Before Justice PERSKIE, at chambers, pursuant to statute.

For the rule, *Louis A. Schiffman* and *Feder & Rinzler* (*Jack Rinzler,* of counsel).

*Contra, William A. O'Brien.*

PERSKIE, J. The basic question requiring decision in this case is whether defendant, a foreign corporation, was properly served. *R. S.* 2:26-44.

The answer to the posed question depends entirely upon the particular proofs adduced.

Defendant Beverage Retailer Weekly and Trade Newspaper Corporation, is a corporation of the State of New York; its place of business is in the city of New York; and it has never been authorized to do business in our state. Defendant circulated its paper in New Jersey and in other places. The paper is printed by an independent company in New Jersey, *i. e.,* a company unaffiliated with defendant, at an agreed price. When printed, the paper is mailed to its subscribers in New Jersey from defendant's home office in New York.

Although the name of Joe Matzner appears as the New Jersey manager on the masthead of the paper, the proofs satisfy me that Matzner neither had nor performed any managerial duties. His work consisted solely of soliciting advertisements for the paper for which he was paid a commission, and of gathering news. His duty was to send the advertisements or news, or both, obtained by him, to defendant's home office in New York City where it was either accepted or rejected. That is not doing business within our state. *Cf. Hoffman* v. *Carter,* 117 *N. J. L.* 205; 187 *Atl. Rep.* 506; *affirmed,* 118 *N. J. L.* 379; 192 *Atl. Rep.* 825; *Manhattan Overseas Co., Inc.,* v. *Camden County Beverage Co.,* 125 *N. J. L.* 239; 15 *Atl. Rep.* (2d) 217.

In this posture of the proofs, plaintiff brought an action for libel against defendant Matzner and two others. Matzner was served with a copy of the summons and complaint at his place of abode in Newark, New Jersey. Then counsel for plaintiff apparently learned that Matzner would attend a banquet on Sunday night, March 17th, 1940, at the Walt Whitman Hotel, Camden, New Jersey. Pursuant to the customary request by the sheriff of the county of Camden to be advised, in writing, upon whom, when and where process was to be served, counsel for plaintiff instructed the sheriff "to serve * * * Matzner * * * at the Walt Whitman Hotel on March 18th" (1940). Matzner was deliberately engaged in conversation and when the midnight hour of Sunday, March 17th, 1940, had passed, the deputy sheriff, as planned, approached Matzner and, according to plaintiff's version, said to him, "Are you Joe Matzner, manager of the Beverage Retailer Weekly and Trade Newspaper?" Upon receiving an affirmative reply, he "presented him with the summons." To Matzner's question, "What is this?" the deputy replied, "That is a summons." Matzner then said, "I have got one of these, I have one up in Newark," to which the deputy answered, "That is another one for you." According to the defendant's version, nothing was said by the deputy sheriff as to whether Matzner was the manager of the Beverage Retailer Weekly and Trade Newspaper. At all events, the testimony is clear that the deputy sheriff did not tell Matzner,

as he was obliged to tell him, if he intended to serve him in a representative capacity, that he was in fact being served in such capacity. 50 *C. J.* 569, § 274.

Notwithstanding the introductory remarks by the deputy sheriff, the official return of his service states that Matzner was served "personally."

True, Matzner delivered the summons and complaint to defendant at its New York office, but it is equally true that when counsel for defendant conferred with counsel for plaintiff and told him, in effect, that he had ascertained that defendant had not been served, counsel for plaintiff stated that "* * * these defendants [meaning the corporation], were not to be considered as having been served until such time as they were properly served by his office, through the sheriff of the respective counties." This testimony stands uncontradicted. Thereafter counsel for plaintiff sought to have the sheriff amend the return to read that Matzner was served "as agent for Beverage Retailer Weekly and Trade Newspaper Corporation." The sheriff, however, properly took the position that he had not been requested to make such service and, therefore, made no such service. The sheriff pointed out that he had, in fact, not been supplied with the required number of copies of the summons and complaint enabling him to have made any such service.

Even assuming that the deputy sheriff did say to Matzner, "Are you the manager," &c., I do not, under the circumstances, construe the use of those words to be sufficient to constitute a proper service of process upon Matzner as the representative of defendant corporation. I rather construe the use of those words as a means employed by the deputy sheriff to identify Matzner.

Whatever the intention of the deputy sheriff may have been, the proofs fall altogether short of clearly and unequivocally overthrowing his official return, viz., that he served Matzner "personally." *Sweeney* v. *Miner,* 88 *N. J. L.* 361, 366: 95 *Atl. Rep.* 1014.

Neither do the proofs, in my opinion, sufficiently establish an agency on the part of Matzner implying authority to receive or accept service for defendant. *Carroll* v. *New York,*

&c., *Railroad Co.,* 65 *N. J. L.* 124; 46 *Atl. Rep.* 708; *Mulhearn* v. *Press Publishing Co.,* 53 *N. J. L.* 150; 20 *Atl. Rep.* 760. Matzner occupied desk room, in a private office, at Newark, where, at his own costs, he carried on his stated duties together with others entirely unrelated to those which he performed for defendant. The facts in the instant case are clearly distinguishable from those appearing in the case of *The Massachusetts Protective Association* v. *Freund,* 116 *N. J. L.* 65; 181 *Atl. Rep.* 905, a case strongly relied upon by plaintiff, and out of which facts the court spelled an agency "sufficiently comprehensive" to support service. In that case the foreign corporate association held out S. K. Spalding as its "general agent." The office of the agent was held out as the office of the association. All premiums on policies from within the state were made payable at the agent's office; and receipts therefor were there delivered. The agent countersigned all policies issued for delivery in this state and otherwise acted as its accredited general agent. Here nothing done by Matzner was binding on defendant until it was accepted by defendant in New York.

Furthermore, even if it could be assumed that Matzner was defendant's agent, there is not a scintilla of proof to indicate that the cause of action arose out of any business with which Matzner, as agent for defendant, had any connection. *Giovanni* v. *Hartford Accident, &c., Co.,* 120 *N. J. L.* 580; 1 *Atl. Rep.* (*2d*) 41.

In light of all that has been written the stated question requiring decision is answered in the negative. The defendant, a foreign corporation, was not properly served.

Accordingly, the order under date of June 14th, 1940, for an interlocutory judgment be and the same is hereby set aside and the interlocutory judgment, entered by default, be and the same is hereby vacated, with costs.