JOSEPH A. NATALE, PLAINTIFF, v. AUTOMOBILE FINANCE CO., A CORPORATION OF THE STATE OF PENNSYLVANIA, CREDIT CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, AND WILBER D. JANES, DEFENDANTS.

Decided May 4, 1942.

For the plaintiff, *Charles D. Merz.*

For the defendants, *Charles Blume.*

SMITH, JOSEPH L., C. C. J.   This comes on a motion to strike out the service of the summons and complaint as against the defendant Automobile Finance Co., a foreign corporation, upon the ground that the service was not made upon an officer, director, agent, clerk or engineer of the corporation, as required by statute; and on motion to strike the complaint as against the defendant Credit Corporation, a New Jersey corporation, and Wilber D. Janes, upon the ground that the complaint is sham and further that it does not set forth a cause of action against these defendants.

The complaint, in substance, alleges that the defendant Automobile Finance Co., a corporation engaged in business in Pittsburgh, Pennsylvania, through its agent, Wilber D. Janes, caused the unlawful seizure of the automobile of the plaintiff and sues for the value of the said automobile.

Service on the defendant Automobile Finance Co., a foreign corporation, was accomplished by service upon this same agent, Wilber D. Janes.   He was the agent who made the allegedly unlawful seizure.   It is not disputed that he made

the seizure and whether that was lawful or unlawful is the subject-matter of the litigation. It appears, therefore, that he had "such connection with the business out of which the alleged cause of action arose, as to make him a representative of the corporation, with respect to that particular business." Service upon him, therefore, was properly made. *Carroll* v. *New York, New Haven and Hartford Railroad Co.*, 65 N. J. L. 124; 46 *Atl. Rep.* 708, 709; *Brainard* v. *New York, O. and W. Railway Co.*, 150 *Atl. Rep.* 681; *Deighan* v. *Beverage Weekly and Trade Newspaper Corp.*, 18 N. J. Mis. R. 705; 16 *Atl. Rep.* (2d) 612.

As to the defendant corporation Credit Corporation the contention is that this corporation was in nowise connected with the transaction or with the seizure, and that the defendant Wilber D. Janes, when making the seizure of the car, was doing so for and on behalf of the defendant Automobile Finance Co., and not on behalf of the defendant Credit Corporation. This contention of the defendant is well substantiated, and in fact remains unrefuted by anything shown by the plaintiff. The most the plaintiff relies on, is the fact that Wilber D. Janes was an employee of the Credit Corporation, but there is nothing to show that, in this particular transaction, he was acting as such employee.

The plaintiff contends that Wilber D. Janes had admitted that there had been some correspondence between Automobile Finance Co., and the Credit Corporation, in reference to this transaction. However, it is not shown what this correspondence consisted of, nor is it shown that Wilber D. Janes receives his instructions from the Credit Corporation. It appears, therefore, that on the undisputed and uncontradicted statement of facts, no cause of action is shown as against the Credit Corporation.

As to the action against Wilber D. Janes, the sole contention of the defendant is that they had the right to repossess the car as they did, and that therefore they are not liable. This, of course, raises a question to be tried, and if the facts as alleged were possible of only one interpretation, it would have been the duty of the court to pass upon such facts as a matter of law. That, however, is not the case. The

plaintiff contends that he offered, through his banking facilities, payment of the entire balance due upon the car, but that the defendant refused acceptance of such balance. The defendant does not deny such refusal to accept payment, but contends that under the particular form of the so-called lease, executed by the plaintiff, the defendants were not under any obligation to deliver the canceled contract or bill of sale upon receipt of the balance due on the contract. The instrument in question is called a "lease agreement," under the terms of which one J. W. McIlaith, trading as Jack's Garage, executed a lease to the plaintiff for the car in question, a LaSalle sedan. The defendant points out that this was not a conditional sales agreement; that it was exactly as designated, a lease, for the use of an automobile to be returned to the lessor upon termination of the lease. The contention of the defendant is that under this lease, the plaintiff would never acquire ownership of the car.

According to *Stern & Co.* v. *Paul et al.,* 96 *Pa. Super.* 112, cited by the defendant:

"The distinction between a bailment and a conditional sale is difficult to define in general terms and the mere use of technical words will not prevent a court from looking at the real nature of the transaction and declaring that an agreement purporting to be a bailment is really a conditional sale."

It appears, therefore, that a Pennsylvania court would not be prevented from looking at the real nature of the transaction and declaring that an agreement is a conditional bill of sale even though it is designated as a lease. It is conceivable that a person may loan his automobile to another on a particular rental basis for a specified term, for a definite rent reserved, payable in installments. It should be noted, however, that the defendant Automobile Finance Co. was not engaged in the business of lending cars, but on the contrary, was engaged in the business of financing the purchase of cars; its business being the obtaining of interest or profit on its financial investment. It will also be noted that the so-called "lease agreement," signed by J. W. McIlaith, was on a form prepared by the defendant Automobile Finance Co., and in this form Mr. McIlaith is designated as a dealer, and

in detailing the transaction, space is provided for giving the list price and not for rent reserved. Space is provided for finance charge in the sum of $136.02, and space is provided for "allowance on car traded in." To say the least, it would be most unusual for the renter of an automobile to trade in a car to have the privilege of renting an automobile, if that were the intention of the parties.

The court makes these observations, not for the purpose of passing final judgment upon the nature of this document used in this case, but merely to indicate that there are questions of fact to be determined by a trial before a jury.

For these reasons, it is the opinion of the court that the matters in issue are contradicted, and are capable of different interpretations as the final evidence may indicate. Therefore, they are not such matters as the court may dispose of on a motion.

Accordingly, the defendant's motion to set aside the service of summons as to the defendant Automobile Finance Co. will be denied, and the motion to strike the complaint as to the defendant Credit Corporation will be granted, and the motion to strike the complaint as to the defendant Wilber D. Janes will be denied. An order will be entered accordingly.