In the Matter of the Estate of CHARLES BAKER, Deceased. SETH BAKER, Individually and as Administrator of the Estate of CHARLES BAKER, Deceased, Petitioner; ONALEE B. SPRAGUE, as Administratrix of the Estate of CHARLES BAKER, Deceased, et al., Respondents.

Surrogate's Court, Erie County, December 6, 1943.

*George E. Phillies* for petitioner.

*William R. Van Campen* for respondents.

*Mark Turner* for New York Central Railroad.

VANDERMEULEN, S. Onalee Baker Sprague was appointed administratrix of the estate herein by the Surrogate of the County of Allegany, New York. A bond of $450 was filed, and later a bond of $4,500. Edmond J. Rouse and Mrs. Edmond J. Rouse are the sureties on both bonds.

Pursuant to the decision of the Appellate Division, Fourth Department, holding that the Surrogate of Allegany County did not have jurisdiction to appoint the administrator of this estate (258 App. Div. 936, motion for leave to appeal denied 282 N. Y. 808, appeal dismissed 284 N. Y. 576, resettled 260 App. Div. 992, affd. without opinion 286 N. Y. 666), the Surrogate, by order dated February 2, 1940, and amended by order dated November 27, 1940, revoked the letters of administration, and in the amended order it was expressly provided as follows:

" Ordered, that this order is made and entered without prejudice to the right of the petitioner to ask an accounting on the part of the respondent, Onalee Baker (Sprague) in a separate proceeding in any Court of competent jurisdiction."

Among the assets of this estate was the sum of $4,500 received by the administratrix, Onalee Baker, as the proceeds of a claim for the wrongful death of her husband, he having been killed at a New York Central Railroad grade crossing on April 3, 1936. These funds were secured by way of a settlement with the New York Central Railroad Company, which settlement was approved by the Surrogate of Allegany County. [See *Matter of Baker,* 252 App. Div. 38, 39; cf. *Baker* v. *N. Y. C. R. R. Co.,* 258 App. Div. 854, 259 App. Div. 971.]

Thereafter Seth Baker, the petitioner herein and father of the deceased, presented a petition to the Surrogate's Court of Erie County praying that letters of administration be issued to him, claiming that the said Onalee Baker Sprague abandoned her husband and was therefore not entitled to letters. The issues were duly tried in this court and a decision rendered on February 22, 1942, in which it was found and decided that Onalee Baker Sprague, wife of the deceased Charles Baker, during his lifetime had abandoned her husband. Accordingly, the petition of the widow herein for the granting of letters to her was denied and it was directed that letters of administration upon the estate herein be issued to the said Seth Baker. The petitioner duly qualified as such administrator and is acting in such capacity. The aforementioned determination of this court was affirmed by the Appellate Division of the Supreme Court, Fourth Department (265 App. Div. 910).

No account of the proceedings of Onalee Baker, as administratrix of this estate, has been filed in any court, and this proceeding is brought for that purpose in this court. There is also pending in this court an application by the petitioner for an inquiry respecting the property of the decedent. The petitioner requests that such proceeding be consolidated with this proceeding.

The respondents claim that the Surrogate's Court of Erie County does not have jurisdiction of a proceeding to compel Onalee Baker to account. It appears to me that the order revoking letters of administration, granted by the Surrogate of Allegany County, not having provided for an accounting before him in that proceeding, his authority ceased for all time and the jurisdiction of the estate having been determined to be in Erie County, this court has the right to compel Onalee

Baker to account to the administrator, duly appointed by it. For all acts committed by her during her stewardship under an invalid appointment, she is accountable in this court. She is an administrator *de son tort*.

To say that the proceeding must be had in Allegany County, because the appointment of the administratrix was made by the Surrogate of that county, would be an attempt to confer authority on a tribunal already declared to be without jurisdiction by an appellate court. She must account in some tribunal. Why not in the court that has jurisdiction of the estate and jurisdiction of her personally, since she is the widow of the deceased, residing in New York State?

The next question raised is whether the widow, under the laws as they existed in 1936 when the decedent died, was the sole person entitled to the proceeds of the death settlement, irrespective of the adjudication of abandonment.

In *Matter of Baker* (252 App. Div. 38, 39) the Appellate Division stated: " Section 133 does provide that the damages shall be distributed ' as if they were unbequeathed assets.' This is a direction that the statute providing for the distribution in general of the personal property of an intestate shall govern the distribution of such damages. (*Matter of Snedeker* v. *Snedeker,* 164 N. Y. 58.)

" Section 83 of the Decedent Estate Law provides for the distribution of the personal property of an intestate.

" As sections 83 and 87 of that law are both contained in article 3 thereof, the provisions of section 87 apply to and restrict the provisions of section 83.

" The damages recovered for a wrongful death must be distributed according to the provisions of section 83 as restricted by section 87, with the exception of a few modifications set forth in section 133.

" It is unthinkable that the exceptions in section 133 should be construed to give the entire death recovery to a person wholly excluded from sharing in the distribution of the decedent's estate. The exceptions must be held to provide for modification of distribution under the general framework of the Statute of Distribution.

" We believe that the Legislature intended that the amendment to the Decedent Estate Law adopted in 1934 should be a harmonious and consistent part of the law and that it would prevent a wife who had abandoned her husband from sharing in the damages that might be recovered for his wrongful death." Although this statement in the opinion by the learned justices

may be dicta, nevertheless this court is inclined to agree with the reasoning of that decision. This court fails to see that the Court of Appeals passed on this question directly.

The damages are, in the eyes of the law, the same as unbequeathed assets. In the distribution of unbequeathed assets under section 87 of the Decedent Estate Law, a distributive share is not allowed to a wife who has abandoned her husband [subd. (d)]. This court believes that it would be an inconsistency to say that a wife cannot receive a share of the estate, if she is guilty of abandonment, but can receive a share in money damages recovered in an action as prescribed in article 5 of the Decedent Estate Law or obtained through settlement. Apparently the purpose of the law is to deny to a spouse, guilty of abandonment, any material benefit accruing by reason of his or her death.

Undoubtedly the only purpose in making the New York Central Railroad Company a party to this proceeding was to give it notice of the proceeding, so as to safeguard any right, if any, the present administrator might have against it.

It was proper to make the sureties parties at this time, so that they might be apprised of the application and the proceeding and be fully aware of the facts and issues involved in the proceeding, so they could protect themselves if necessary.

The application to consolidate the pending inquiry proceeding with the present proceeding is denied.

Submit order.