ANTHONY GIOVANNINI, PLAINTIFF-RESPONDENT, v. HARTFORD ACCIDENT AND INDEMNITY COMPANY, A FOREIGN CORPORATION, DEFENDANT-PROSECUTOR.

Submitted May 3, 1938—Decided August 18, 1938.

Before Justices CASE, DONGES and PORTER.

For the plaintiff-respondent, *Eugene Capibianco.*

For the defendant-prosecutor, *Reginald V. Spell (Wilbur A. Stevens,* of counsel).

The opinion of the court was delivered by

PORTER, J. This case comes before us on a writ of *certiorari* to review an order of the District Court of the First Judicial District of the county of Monmouth in denying the prosecutor's motion to set aside service of summons and state of demand.

The suit was brought by Rev. Anthony Giovannini against the defendant-prosecutor, Hartford Accident and Indemnity Company, to secure reimbursement of expenses alleged to have been incurred by him in defending a suit brought against him as a result of an automobile accident in which he was involved during the term of a policy of insurance he had with the defendant company.

The summons and state of demand were served upon one Joseph Santa, an agent who wrote insurance for the defendant. On the return day the defendant appeared specially and moved that the service be set aside on the ground that the court had obtained no jurisdiction over the defendant for the reason that Santa was not its general agent nor in charge of an office of the company nor was he such a representative on whom service for it could be made.

The motion was denied, the propriety of that ruling being the sole question presented.

The District Court act (chapter 228, *Pamph. L.* 1898, as amended *Pamph. L.* 1908, *p.* 181) provides that service of process on a foreign corporation shall be served upon "any officer, director, agent, or clerk, or engineer of such corporation."

Was Santa an agent of the company within the meaning of this statute? It appears that he was an agent of the company

for the purpose of selling insurance for it and that in that connection he also gave service to his clients in assisting them in making necessary reports of accidents to the company. He had no power to issue policies without first submitting applications to the company for acceptance. He collected and receipted for premiums for the company. His territory was in Neptune, Monmouth county, and vicinity.

In *The Massachusetts Protective Association* v. *Freund,* 116 *N. J. L.* 65, it was said:

"The ultimate question is whether the foreign corporation has. given a person a representative character inclusive of receiving service of process, either generally or specifically, in a given case. That question must be answered in and out of each set of facts as presented."

It has been held in this state that the test of an agent's authority must be that he represent the company in some general capacity or that he must have such connection with the business out of which the alleged cause of action arose as to make him a representative of the corporation with respect to that particular business. *Saunders* v. *Adams Express Co.,* 71 *N. J. L.* 520.

The cause of action in the instant case did not, in our opinion, arise out of any business with which the agent had any connection. His work was to solicit the business and to collect premiums. The mere fact that he rendered service to the assured by assisting him in the preparation of reports of accidents did not enlarge his agency, especially as he had no authority to adjust claims or do anything more in relation thereto. Nor was he representing the company in a general capacity. He did not occupy an office of the company nor did he confine his activities to its business. He had his own office conducted by him at his own expense and he also represented several other insurance companies, for whom he acted as agent in the procurement of business.

We conclude that he was not such an agent of the defendant upon whom process could be served; consequently, the order of the court denying the motion to set aside the service will be set aside, with costs.