I. ROKEACH & SONS, INC., A CORPORATION OF THE STATE OF NEW YORK, PROSECUTOR, v. JOHN KRICHMAN AND DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE COUNTY OF BERGEN ET AL., RESPONDENTS.

Argued October 2, 1940—Decided December 7, 1940.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *Murray Greiman*.

For the respondents, *Feder & Rinzler* (*Joseph A. Feder* and *Jack Rinzler*).

The opinion of the court was delivered by

CASE, J.   The writ brings up an order made in the District Court of the Second Judicial District of the county of Bergen refusing to quash service of process.

John Krichman instituted action in the District Court against I. Rokeach & Sons, Inc., and another.   Summons was issued and returned served on "Moe Leff, agent, for I. Rokeach & Sons, Inc., a corporation, the defendant, by reading the same to him and delivering to him a copy thereof, with state of demand attached.   Served at the corner of Market Street and River Road, East Paterson, N. J."   Whether, assuming Moe Leff to be an agent for service, the return adequately

certified service upon the corporate defendant is not questioned and not decided.

Special appearance was entered for the corporation, and motion was made on its behalf to quash the service of process. Following the taking of testimony the court determined that the service upon the corporate defendant was valid.

The proceedings on *certiorari* were premature. The District Court was not a special tribunal. It had general jurisdiction of the subject-matter of the suit. Ordinarily, in such an instance a writ of *certiorari* does not go until after final decision. *Mowery* v. *Camden*, 49 *N. J. L.* 106, 109; *Plainfield* v. *McGrath*, 117 *Id.* 348; *Newark* v. *State Board*, 15 *N. J. Mis. R.* 368; *Breen Iron Works* v. *Richardson*, 115 *N. J. L.* 305. A finality would have been reached had certain factual elements appeared and had the trial court set aside the service. *Weiss* v. *Shapiro Candy Manufacturing Co.*, 124 *Id.* 534. Manifestly, when the service was held good, further progress in the case was open. There was no final judgment. However, the writ was allowed and no question of the nature just mentioned has been presented. The case has been fully argued, and we shall dispose of it on its merits.

Respondents seek to sustain the service by reference to two statutes, *R. S.* 2:32-28 and *R. S.* 2:26-44. The testimony, stated in an aspect most favorable to the sustaining of the service of process, was as follows: The service was made upon Moe Leff who was a truck driver for the corporate defendant. Leff had been employed by the corporation for many years, but he was neither an officer, a director nor a stockholder. His duties were to deliver merchandise where he was told to do so. He covered "this district" (an undefined expression which may be assumed to indicate a certain amount of territory within which East Paterson is located), would take orders, would sell merchandise from the truck in the event that a storekeeper wanted some particular article that was on the truck, and collected moneys. So far as Leff knew he was the only person doing business for the corporation in that "district." The corporation had no store or office other than Leff and his truck in that "district." The most that can be gleaned from this restricted testimony is that the person upon

whom service was made was a truck driver delivering merchandise on behalf of and as directed by his non-resident corporate employer with authority to take orders, to sell some of the merchandise that was on his truck and that might be particularly wanted by a storekeeper, and to make some collections, and that within the limited territory covered by Leff's route the employer had no store or office and no employe except Leff. We find no testimony in the summary certified, following the proceedings on diminution of record, by the District Court to sustain a factual finding that there was no officer, director, agent, clerk or engineer of the corporation resident *in this state* or present therein except Moe Leff or that there was no office, depot or place of business of the corporation within the state. The question remains whether Leff, upon the recited proofs, was such an "officer, director, agent, clerk or engineer" as to come within the purview of the statute which permits service to be made upon a representative of a foreign corporation. We can find in the very thin testimony nothing more in Leff than a truck driver serving a limited area and with certain incidental duties not unusual in such an employment. It does not appear that Leff represented prosecutor in any general capacity or that he had such connection with the business out of which the cause of action arose as to make him a representative with respect to that particular business. We conclude that under our cases service against the corporation could not be effected on Leff. A recent pertinent decision is *Giovanni* v. *Hartford, &c., Co.,* 120 *N. J. L.* 580. Also, see, *Mulhearn* v. *Press Publishing Co.,* 53 *Id.* 150; *Carroll* v. *New York, New Haven and Hartford Railroad Co.,* 65 *Id.* 124; *Erie Railroad Co.* v. *Van Allen,* 76 *Id.* 119. The foundation upon which the decisions rest is the constitutional principle that only by due process of law can courts acquire jurisdiction over parties; and the ultimate question is whether the foreign corporation has given a person a representative character inclusive of receiving service of process, either generally or specifically in a given case. *Massachusetts Protective Association* v. *Freund,* 116 *Id.* 65.

The attempted service will be quashed, with costs to the prosecutor of the writ.