HERBERT WEISS, PLAINTIFF-RESPONDENT, v. SHAPIRO CANDY MANUFACTURING CO., INC., DEFENDANT-APPELLANT.

Submitted October 25, 1940—Decided January 28, 1941.

For the plaintiff-respondent, *Louis Santorf* and *Marcus & Levy*.

For the defendant-appellant, *Collins & Corbin* (*Edward A. Markley* and *Charles W. Broadhurst*).

CASE, J. The judgment appealed from will be affirmed, for the reasons expressed in the opinion filed by Mr. Justice Parker in the Supreme Court, supplemented as follows:

Plaintiff's action is for personal ills alleged to have followed the eating of a deleterious confection manufactured and sold by defendant. Defendant is a foreign corporation engaged in the manufacture and sale of candy at wholesale. Its entire business in New Jersey is with "jobbers" and is transacted through Irving Lazar, a resident of Brooklyn, New York, who visits the trade, negotiates and closes contracts within the state and adjusts subsequent disputes. Lazar was served with summons against the corporation and when so served was actually engaged in the discharge of his duties on behalf of that corporation. Other than him there was no one of the company in the state.

The pertinent statute is *R. S.* 2:26-44, which provides:

"Foreign corporations; personal or substituted service. Process in a personal suit or action commenced against a foreign corporation in any of the courts of this state shall be served forthwith after its delivery to the sheriff or other officer for service by serving a copy thereof either personally on, or by leaving the same at the usual place of abode in this state of any officer, director agent, clerk or engineer of the corporation, resident in this state, or personally on any ticket or freight agent of the corporation in the county in which the venue of the action is laid, or by leaving the copy of the process at the office, depot or usual place of business within this state of the corporation.

"If there are none of the above-named persons resident within this state, and if there is no office, depot or place of business within this state, the process may be served on any motorman, conductor or servant of the corporation within this state and acting in the discharge of his duties."

Inasmuch as the corporation had no office, depot or usual place of business in this state and none of the designated persons resided here, the first paragraph of the statute does not apply. The question, then, is whether Lazar was such a servant of the corporation as to be, within the statute and our cases, a person upon whom service could be made as on the corporation.

Only by due process of law may courts acquire jurisdiction over parties, and our statute must be construed in the light of that constitutional principle. When a statute refers to persons whose employment by a corporation may give them no representative character whatever, the courts confined those general terms in such a way as will uphold the jurisdiction which they are asked to exercise. *Carroll* v. *New York, &c., Railroad Co.*, 65 *N. J. L.* 124. The ultimate question is whether the foreign corporation has given a person a representative character inclusive of receiving service of process, either generally or specifically, in a given case. *Massachusetts Protective Association* v. *Freund*, 116 *Id.* 65. A person may be an agent of a foreign corporation, *Giovannini* v. *Hartford Accident, &c., Co.*, 120 *Id.* 580, a field salesman, *Seeman Brothers, Inc.*, v. *Goldberger*, 12 *N. J. Mis. R.* 170, or a servant, *I. Rokeach & Sons, Inc.*, v. *John Krichman et al.*, 125 *N. J. L.* 477, and yet not be subject to service of process against the corporation. Nevertheless, when a foreign corporation comes into New Jersey to do business, compliance with a statutory requirement as to service of process which is reasonably calculated to bring home notice of suit to it as a defendant corporation is sufficient. *Smallbein* v. *Erie Railroad Co.*, 79 *Id.* 593; *Erie Railroad Co.* v. *Van Allen*, 76 *Id.* 119. The line between those who represent and those who do not represent a corporation for the purposes of the process statute cannot be defined by a formula, *Mulhearn* v. *Press Publishing Co.*, 53 *Id.* 150; but applying the statute and the cases to the foregoing state of facts we conclude that Lazar was qualified to be served. The authority conferred by the corporation upon him in sending him as its representative to do its business in this state gave him adequate rank and was of sufficient generality to constitute him a represen-

tative for service under the second paragraph of the statute. The statutory incidents were complied with and the fundamental significance of the facts was such as to constitute the service, as made, due process.

Judgment affirmed.

*For affirmance*—THE CHANCELLOR, CASE, BODINE, DONGES, HEHER, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 11.

*For reversal*—None.