BETTY PORCELLI AND FRED PORCELLI, HER HUSBAND, PLAINTIFFS, v. THE GREAT ATLANTIC AND PACIFIC TEA CO. AND FRANTZ CANDIES, INC., DEFENDANTS.

Submitted January 20, 1942—Decided August 4, 1942.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and HEHER.

For the rule, *Harvey G. Stevenson.*

*Contra, Schwartz & Schwartz (Saul Mendelson,* of counsel).

The opinion of the court was delivered by

HEHER, J. The complaint charges that Frantz Candies, Inc., manufactured and The Great Atlantic and Pacific Tea

Co. sold to plaintiff, Betty Porcelli, deleterious marshmallows, contrary to their warranties that they were reasonably fit for human consumption, and likewise negligence in the premises, to the injury of the named plaintiff, a consumer, and her husband, who sued *per quod*. Service of the summons and complaint was made upon one Stanley L. Marks as the agent or servant of Frantz Candies, Inc., a foreign corporation; and the service is challenged on the grounds (1) that Marks, also a non-resident, was "lured" into the state by fraudulent representations for the purpose of making such service, and (2) that he did not bear to that corporation the relationship requisite to valid service of process under *R. S.* 1937, 2:26-44.

There is strong ground to believe that Marks was inveigled into this jurisdiction for the stated purpose. As to this, see *Williams* ads. *Reed,* 29 *N. J. L.* 385. Yet there is no occasion to determine whether, in the circumstances, there was a misuse of the court's process, for the proofs reveal that Marks was not a servant of the corporation upon whom effectual service could have been made.

This corporate entity did not maintain an "office," "depot," or "place of business" in this state; and, as said, Marks was a non-resident. Was he a "servant * * * acting in the discharge of his duties" within the intendment of the second paragraph of the cited statute? Clearly, he was not. He acted as a "broker" for many candy manufacturers, large and small, including the Pecheur Lozenge Company, of the Borough of Brooklyn, in the State of New York, Keppel & Ruof, Incorporated, of the City of Lancaster, in the State of Pennsylvania, and defendant Frantz Candies, Inc., also located in the City of Lancaster. He sold by sample to jobbers and "syndicate stores" in the metropolitan area, and was paid by the manufacturers on a commission basis. When soliciting "orders," he displayed all samples of candies in which the individual jobber was interested. He mailed the orders received to the manufacturer of the particular product; and the order was subject to the approval of the manufacturer, who determined whether the jobber was worthy of credit. If accepted, Marks' commission (at the rate of 5%) was forwarded on the tenth day of the ensuing month. The

purchase price was remitted by the jobber to the manufacturer direct; and the jobbers sometimes made purchases from the manufacturer without the interposition of Marks, although when a jobber sought by mail to open such business relations with this particular manufacturer, it was the practice to forward the letter to Marks for his "judgment." There is no evidence tending to show that this manufacturer had any other sales representative in the territory covered by Marks.

Marks did not participate in the sale by Frantz Candies, Inc., to The Great Atlantic and Pacific Tea Company of the confections asserted by plaintiffs to have been unfit for consumption. That sale, as was the case with all others between those parties, was made direct without the intervention of a broker or salesman. Marks had served as a broker for eighteen years, but only six years for Frantz Candies, Inc. He was free to act in a like capacity for all other candy manufacturers; and there is no evidence that he was authorized by Frantz Candies, Inc., to adjust or settle controversies arising from sales made through him or otherwise. Marks was not an officer or director of this corporation, nor did he have any other connection with it. When the service was made, he was on the premises of Barney's, Inc., wholesalers in candies and cigarettes in Hoboken, whither he had journeyed from the City of New York in response to a letter from that concern stating that it had been advised that Marks was "the sole representative of certain candy products" which it was "anxious to carry," and asking for "an appointment."

Thus Marks' relation to the particular corporate defendant was not such as to constitute him its representative for the service of process in an action *in personam.* He had "no general representative character in the corporation," nor did he have any connection with the business out of which the pleaded cause of action arose, and the service was therefore ineffectual. *Carroll* v. *New York, &c., Railroad Co.,* 65 *N. J. L.* 124. He was not its "servant" in the statutory sense. *Massachusetts Protective Association* v. *Freund,* 116 *N. J. L.* 65; *Weiss* v. *Shapiro Candy Manufacturing Co., Inc.,* 124 *Id.* 534; *affirmed,* 126 *Id.* 71; *Giovannini* v. *Hartford Accident, &c., Co.,* 120 *Id.* 580; *Jager* v. *Breslow,* 9 *N. J. Mis. R.* 1069.

In the absence of consent, a foreign corporation is amenable to such process "only if it is doing business within the state in such manner and to such extent as to warrant the inference that it is present there. And even if it is doing business within the state the process will be valid only if served upon some authorized agent." *Philadelphia and Reading Railway* v. *McKibbin*, 243 *U. S.* 264; 37 *S. Ct.* 280; 61 *L. Ed.* 710. The business engaged in "must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized officers or agents present within the state or district where service is attempted." *Consolidated Textile Corp.* v. *Gregory*, 289 *U. S.* 85; 53 *S. Ct.* 529; 77 *L. Ed.* 1047. If the agency is of such a quality "as to render it fair, reasonable and just to imply an authority on the part of the agent to receive service, the law will, and ought to, draw such an inference and to imply such authority, and service under such circumstances and upon an agent of that character would be sufficient." *Connecticut Mutual Life Insurance Co.* v. *Spratley*, 172 *U. S.* 602; 19 *S. Ct.* 308; 43 *L. Ed.* 569. The statutory regulation adverted to is to be construed in the light of the constitutional principle that jurisdiction may be acquired only by due process of law. *Carroll* v. *New York, &c., Railroad Co., supra; Weiss* v. *Shapiro Candy Manufacturing Co.*, 126 *N. J. L.* 71. Orders given for merchandise pursuant to solicitation in this state, but accepted in a foreign state, are not to be deemed the doing of business in this state. *Hoffman* v. *Carter*, 117 *Id.* 205; *affirmed*, 118 *Id.* 379.

The rule to show cause is made absolute, with costs.