35 N.J. Super. 133 (1955)
113 A.2d 215
WILLIAM FISKE WRIGHT, JR., PLAINTIFF,
v.
NEWS SYNDICATE CO., INC., DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided April 1, 1955.
*134 Mr. Harry Green, attorney for plaintiff.
Messrs. Katzenbach, Gildea & Rudner (Mr. George Gildea appearing), attorneys for defendant.
BENNETT, J.C.C. (temporarily assigned).
Plaintiff commenced an action against defendant News Syndicate Co., Inc., a corporation of New York, charging the publication of alleged defamatory articles against him in the Daily News, a newspaper owned and published by the defendant. Originally service of process by summons and complaint was attempted to be made on defendant, News Syndicate Co., Inc., by serving Herbert M. Steele, Sr., its sales promotion manager, at his residence located at 20 Blackburn Place, Summit, New Jersey. This service was held invalid and improper by this court and affirmed on appeal. Thereafter, plaintiff attempted to serve this defendant by serving Anthony Dadona, a truck driver for defendant.
Dadona has been in the employ of the defendant for the past 22 years and for the next preceding eight years has been delivering newspapers in New Jersey as called for in his route slip; also, he sells for cash the unsold merchandise which is returned to defendant in New York. Upon service of summons he "was of a mind to throw" it away; nevertheless, he delivered it to his superior. Dadona does not represent defendant in any general capacity and had no connection whatsoever with the transaction out of which the alleged cause of action arose.
*135 Defendant withdrew its argument on this motion that it is not doing business in this State, and relies solely on the contention that Anthony Dadona is not a proper person upon whom service may be made; and the sole question is whether or not service has been made upon "any servant of the corporation within this State acting in the discharge of his duties" within the purview of R.R. 4:4-4(d).
Defendant relies upon Porcelli v. Great Atlantic & Pacific Tea Co., 128 N.J.L. 603, 27 A.2d 641 (Sup. Ct. 1942); Weiss v. Shapiro Candy Mfg. Co., 126 N.J.L. 71, 18 A.2d 706 (E. & A. 1941); I. Rokeach & Sons v. Krichman, 125 N.J.L. 477, 16 A.2d 542 (Sup. Ct. 1940); Giovannini v. Hartford Accident & Indemnity Co., 120 N.J.L. 580, 1 A.2d 41 (Sup. Ct. 1938); Carroll v. N.Y.N.H. & H.R. Co., 65 N.J.L. 124, 46 A. 708 (Sup. Ct. 1900); Mulhearn v. Press Publishing Co., 53 N.J.L. 150, 20 A. 760 (Sup. Ct. 1890); Brainard v. New York O. & W.R. Co., 8 N.J. Misc. 322, 150 A. 681 (Circ. Ct. 1930); Acton v. Washington Times Co., 9 F. Supp. 74 (D.C. Md. 1934); for the proposition that the agent served must be truly and thoroughly representative, and that Dadona's authority was limited to a particular transaction.
The applicable language of R.R. 4:4-4, supra, is an extension of the language contained in its statutory predecessor, N.J.S.A. 2:26-44, and it is not thought that this enlargement is meaningless. In the absence of specific regulatory limitations the words "any servant" should be given their literal meaning; otherwise, difficulties would be generated by judicial interpretation and restriction. The rule is fashioned to meet current business exigencies requiring unrestricted access of the process server to corporate entities, and furthermore, if defendant is really firm in its conviction that the dignity of the agent's office is insufficient for the occasion, it should reflect upon the harmony in the agent's rendition of the cash and the summons on appropriate occasions.
The motion is denied.