J-S33043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOHN H. COHEN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MARK V. CAPOZZA | |
| Appellee | No. 1803 WDA 2015 |

Appeal from the Order October 27, 2015
In the Court of Common Pleas of Mercer County
Criminal Division at No(s): 32 CR 1987

BEFORE:  GANTMAN, P.J., OLSON, J., and FITZGERALD, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED APRIL 26, 2016**

Appellant, John H. Cohen, appeals *pro se* from the order entered in the Mercer County Court of Common Pleas, which denied his *pro se* serial petition for collateral relief (labeled a petition for writ of *habeas corpus ad subjiciendum*), per the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On May 18, 1987, a jury convicted Appellant of first-degree murder and attempted murder.  The court sentenced Appellant on June 3, 1988, to life imprisonment for the murder conviction and a consecutive 3½-7 years' imprisonment for the attempted murder conviction.  This Court affirmed the judgment of sentence on May 24, 1989, and our Supreme Court denied allowance of appeal on May 25, 1990.  ***See Commonwealth v. Cohen***, 563 A.2d 188 (Pa.Super. 1989), *appeal denied*, 525 Pa. 610, 577

_____

*Former Justice specially assigned to the Superior Court.

A.2d 542 (1990).   On September 30, 2015, Appellant filed the current petition for writ of *habeas corpus ad subjiciendum* in the civil division, challenging his criminal conviction and sentence.[1]   The court treated Appellant's filing as a serial PCRA petition and issued appropriate notice per Pa.R.Crim.P. 907 on October 6, 2015.  Appellant filed a *pro se* response on October 21, 2015.  On October 27, 2015, the court denied the PCRA petition as untimely.  Appellant timely filed a notice of appeal on November 9, 2015. The next day, the court ordered Appellant to file a concise statement per Pa.R.A.P. 1925(b); Appellant timely complied on November 30, 2015.

Preliminarily, any petition for post-conviction collateral relief will generally be considered a PCRA petition, even if captioned as a request for *habeas corpus* relief, if the petition raises issues for which the relief sought is available under the PCRA.  **See Commonwealth v. Peterkin**, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose).  The writ of *habeas corpus* continues to exist as a separate remedy only if the claim raised is not cognizable under the PCRA.  **Peterkin, supra** at 552, 722 A.2d at 640.  As well, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Turner**, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*,

_____

[1] The filing was subsequently transferred to the criminal division.

625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant attacks his first-degree murder conviction and life sentence, claiming the Commonwealth did not specifically charge him with first-degree murder,[2] the court lacked statutory authority to impose a life sentence, and the court lacked authority to instruct the jury on first-degree murder where Appellant's case was not a capital case. Despite his effort to distance his current petition from the PCRA, Appellant's challenges to the legality of his conviction and sentence are cognizable under the PCRA. **See Commonwealth v. Fowler**, 930 A.2d 586 (Pa.Super. 2007), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008) (holding any collateral attack on legality of sentence must be raised in PCRA petition); **Guarrasi v. Scott**, 25 A.3d 394 (Pa.Cmwlth. 2011) (stating plaintiff cannot use civil action to wage collateral attack on his criminal proceedings). Thus, the court properly

_____

[2] The record makes clear the Commonwealth charged Appellant with first and third degree murder along with other offenses.

treated Appellant's most recent prayer for collateral relief as a PCRA petition. *See Peterkin, supra*. Further, Appellant's judgment of sentence became final on August 23, 1990, upon expiration of the time to file a petition for writ of *certiorari* with the United States Supreme Court. *See* U.S.Sup.Ct.R. 13. Appellant filed the current, *pro se* serial petition for collateral relief on September 30, 2015, which is patently untimely.[3] *See* 42 Pa.C.S.A. § 9545(b)(1). In his effort to keep his petition outside the PCRA, Appellant did not plead or prove any of the statutory exceptions required to revive an otherwise untimely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Thus, Appellant's petition remains an untimely PCRA petition, and the court properly denied relief. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/2016

_____

[3] The docket entries in Appellant's criminal case indicate the present petition is at least his second petition for collateral relief.

- 4 -